MHN
RECEIVED
LCW
AUG 0 8 2008
AUG 08 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVI

08CV4488
JUDGE HOLDERMAN
MAG.JUDGE MASON

WILLIAM WALLS
PLAINTIFF (S).

(Enter above the full name of the plaintiff or plaintiffs in this action)

ALL BEING SUED IN THERE OFFICIAL AND INDIVIDUAL CAPACITY.

THE PLAINTIFF IS SEEKING PRELIMINARY INJUNCTION.

vs.

Case No: ________ (To be supplied by the Clerk of this Court)

(1). Ms. Lisa Madigan Attorney-General.
(2). Mr. Micheal Kress Assistant attorney General.
(3). Richard Devine Cook County States Attorney.
(4). Ms. Mary Ellen Murphy Assistant Cook County States Attorney.
(5). Mr. Larry J. Philips, Director of program. IDHS-TDF.
(6). Mr. Terry Williams, Captain/Internal Affairs, IDHS-TDF.
(7). ________, Will County states Attorney
(8). Mr. Oleary, Will County Jail Warden.
(9). Ms. Greenly, R.T.A Will County Jail.
(10). Ms. Sharon, Will county Jail.
(11). Ms. Kwaeeka, Will County Jail.
Defendants (s).

(Enter above the full name of ALL defendants in this action. Do not use "et al.")

**CHECK ONE ONLY:**

xxxxx **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code** (state, county, or municipal defendants)

______ **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331 U.S. Code** (federal defendants)

______ **OTHER** (cite statute, if known)

***BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.***

I. **Plaintiff(s):**

A. Name: WILLIAM WALLS

B. List all aliases: None

C. Prisoner identification number: 852982

D. Place of present confinement: Illinois Deaprtment of HumanService, Treatment and Detention Facility.

E. Address: R.R # 1, Box 6A, Rushville, Illinois 62681.

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A. Defendant: Lisa Madigan,

Title: ATTORNEY GENERAL

Place of Employment: 100 W. Randolph St. Chicago, Illinois. 60601.

B. Defendant: Micheal Kress

Title: ASSISTANT ATTORNEY GENERAL

Place of Employment: 100 W. Randolph St. Chicago, Illinois. 60601.

C. Defendant: Richard Devine

Title: Cook County States Attorney

Place of Employment: 2650 S. California Ave. Chicago, Illinois. 60608.

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

( Continue on add pages, List of defendants).

List of Defendants continue here...

D. Defendant: Ms. Mary Ellen Murphy

Title: Assistant Cook County States Attorney

Place of Employment: 2650 S. California Ave. Chicago, Illinois. 60608.

E. Defendant: Larry J. Philips

Title: Illinois Department of HumanService, Treatment and Detention Facili--ty Program Director.

Place of Employment: Illinois Department of HumanService, Treatment-and Detention Facility. R.R # 1, Box 6A. Rushville,-Illinois. 62681.

F. Defendant: Terry Williams

Title: Captain/Internal Affairs

Place of Employment Illinois Department of HumanService, Treatment and-Detention Facility R.R#1. Box 6A. Rushville. Ill - 62681

G. Defandant: Mr :Will County State's Attorney

Title: Will County States Attorney.

Place of Employment: Will County State Attorney Office. Joliet. Illinois.?

H. Defendant: Mr. Oleary.

Title: Warden

Place of Employment: Will County Jail Joliet. Illinois.?

I. Defendant: Ms. Greenly

Title: R.T.A c/o

Place of Employment: Will County Jail Joliet. Illinois

J. Defendant: Ms Sharon

Title: Correctional Officer

Place of Employment: Will County Jail Joliet. Illinois

K. Defendant: Ms. Kwaeeka

Title: Correctional Officer

Place of Employment: Will County Jail Joliet. Illinois.

III. **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: RE: Walls V. Ill. Dept of Human Svc No. 07-CV-2061.

B. Approximate date of filing lawsuit: Sept 28 2007.

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: WILLIAM WALLS

D. List all defendants: IDHS-TDF Terry Williams. Assistant Attorney-General Micheal Kress. Will County Jail. Mr. Oleary. IDOC Roger Walker. Stateville Mr. Mcmann. Shawnee MR Austin. Pickneyville Ms. Johnson.

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVIDSION.

F. Name of judge to whom case was assigned: JAMES F HOLDERMAN.

G. Basic claim made: Vindictive PROSECUTION

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Dismissed

I. Approximate date of disposition:

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

1-07-22.

III. **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: WILLIAM WALLS V Terry Williams et al Case No. 07-c-6828

B. Approximate date of filing lawsuit: Dec 4. 2007.

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: WILLIAM WALLS

D. List all defendants: Terry Willaims. et al.

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

F. Name of judge to whom case was assigned: JAMES F HOLDERMAN

G. Basic claim made: VINDICTIVE PROSECUTION

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Dismissed appealed and just denied on apeal

I. Approximate date of disposition:

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

III. **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: WILLIAM WALLS V. Illinois Department-of Correctional Clinical Phychologists etc. et al. Case No. 08-C-4056.

B. Approximate date of filing lawsuit: July 17, 2008

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: WILLIAM WALLS

D. List all defendants: IDOC Clinical phychologists in the Special Unit.- IDOC Ms JAcqueline Buck PH d evaluator Mr. Richard Devine, Cook County State Attorney. Ms. Lisa Madigan, Attorney General. IDHS-TDF Mr. Larry J. Philips. Director

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS. EASTERN DIVISION.

F. Name of judge to whom case was assigned: Honorable Judge Leininweber

G. Basic claim made: THE PLAINTIFF BRINGS-A-CLAIM OF HAVING LACK-OF PROBABLE CAUSE TO FILE-A S.V.P act PETITION-AND ILLEGAL DETENTION CASE NO. 03-CR-80002.

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): PENDING.

I. Approximate date of disposition: ______

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

V. Statement of claim:

The plaintiff brings a claim where he is being exposed to a campaign of physical and mental harrassment to bring death to the plaintiff as a result of the issues in his court proceeding under the S.V.P act proceeding, case no. 03-CR-80002.

Bart V. Telford, 677 f.2d. 622(7th. Cir. 1982), To prove that the agency official are exposing the plaintiff to this behavior, the plaintiff will show three things;

(1). That the plaintiff was doing something that he had a constitutional right to do, which is called protected conduct.

(2). What the agency officials are doing (Adverse actions) is so bad that it would stop an average person from continuing to participate in his protected conduct.

(3).There is a causal connection that means the agency officer did what he did because of what the plaintiff were doing in his court proceeding under the S.V.P act, Case No. 03-CR-80002,. Pretrial detainees, those who have been arrested but yet convicted, retained at least those constitutional rights that are enjoyed by convicted prisoners. The Due process clause prohibits punishment of pretrial detainees and protects them from excessive force that amounts to punishment. To determine whether a particular restriction imposed on a pretrial detainee comports with due process a court must determine whether the restriction is (1). for the purpose of punishment or (2). reasonably related to a legitimate and nonpunitive governmental purpose. The Supreme court has stated that courts should usually defer to detention officials in determining whether a particular regulation is reasonably related to a legitimate interest other than punishment. City fo Revere V. Mass. Gen. Hosp., 463 U.S 239, 244(1983)( before formal adjudication of guilt; rights of detainees to not be mistreated come from Due Process clause of 14th amendment, rather than 8th amendments prohibition on cruel and unusual punishments: DUE PROCESS RIGHTS OF DETAINEES ARE AT LEAST AS great-

8th amendment rights of convicted prisoners). Courts use the deliberate indifference standard to determine whether a defendant fourteenth amendment due process rights have been violated by agency officials alleged neglect or mistreatment. If a court finds that a detention facility policy has been implemented with deliberate indifference for the rights of detainees the detainees due process rights have been violated. An official acts with deliberate indiffence by recklessly disregarding a risk of which the agency official was aware, thus; jeopardizing a detainees safety. Armstrong V. Squadrito, 152 f.3d. 564, 570 (7th. Cir. 1998)(applying 3-step analysis to detainees due process claim: (1). Does Due Process clause protect claim asserted? (2). Did official conduct offend deliberate indifference standard? (3). Does totality of the circumstance shock the conscience?). Detention of the defendant by the government brings with it a duty to ensure the detainees well-being. See Hare V. City of Corinth, 74 f.3d. 633, 638-39(5th. Cir. 1996)( states exercise of power to detain brings with it due process responsibilty to tend to essentials of detainees well-being.

Vitek V. Jones, 445 U.S 480, 493(1980)(Liberty interest in remaining free from involuntary committment to mental hospital.

Kirby V. James, 195 f.3d. 1285, 1291(11th. 1999)(Liberty interest in not being branded a sex offender. Burton V. Livingston, 791 f. 2d. 97, 100(8th. Cir. 1986)(Liberty interest in freedom from terror of instant and unexpected death.

Smith V. Garretto, 147 f.3d. 91, 94(2d. Cir. 1998)( Prosecutors not absolutely immune for orchestrating sting operation. Allen V. lowder, 875 f. 2d. 82, 85-86(4 th Cir. 1989( Prosecutors not absolutely immune in suit alleging that prosecutors attemptin to secure continued incarceration of defendant after reversal of conviction because prosecutor acting in administration capacity.

## facts

(1). That the plaintiff has been petitioned under the S.V.P act,. That the S.V.P act petition was filed by Ms. Lisa Madigan, Attorney General, threw Mr. Micheal Kress, Assistant attorney general. And Mr. Richard Devine, Cook County State attorney, threw Ms. Mary Ellen Murphy, Cook County states attorney.

(2). The plaintiff is a pretrial detainee, detained at the Illinois Department of HumanService, Treatment and Detention Facility. The plaintiff is in a one man cell. Located in special management of wing f-1.

(3). That the plaintiff court proceeding under the S.V.P act, is held at the Cook County Criminal court building. Before the Honorable Judge Ms. Cannon, Rm:208.

(4). Black law dictionary, Seventh edition defines Malice: as the intent, without jurification or excuse to commit a wrongful act, (@). Reckless disregard of the law or of a persons legal rights.

(5). During the plaintiff court proceeding under the S.V.P act, the plaintiff placed the assistant attorney general Mr. Micheal Kress and the Cook County State attorney Ms. Mary Ellen Murphy case in a hardship to proceed to trial. Where the state prosecutors could not proceed to trial with the use of confidential juvenile records that is in violation of state laws. Case no. 03_CR-80002.

(6). As a result, the assistant attorney general Mr. Micheal Kress and the Cook County states attorney Ms Mary Ellen Murphy disclose the plaintiff case situation to the IDHS-TDF, internal affairs/Captain Mr. Terry Williams..

(7). Where the IDHS-TDF, internal affairs/Captain, Mr. Terry Williams, discusses strategys on how to deal with the plaintiff case and specific situation.

(8) The assistant attorney general Mr. Micheal Kress and the Cook County state attorney Ms. MAry Ellen Murphy, had discussion with the IDHS-TDF,Internal affairs/Captain Mr. Terry Williams outside court proceeding.

(9) That if the plaintiff is acquitted, that the plaintiff would walk out the door and sue us for the wrongful conviction and false imprisonment of case no. 92-CR-16471 and for all the Malice being displayed in his S.V.P act case, where the detention is also illegal. Case no. 03-CR-80002.

(10). The assistant attorney general Mr. Micheal Kress and the Cook County State Attorney Ms. Mary Ellen Murphy appeal to the IDHS-TDF, fears of the plaintiff potential law suits. That if the IDHS-TDF dont assistant the state prosecutors in stopping the plaintiff from being acquitted and release that he'll be able to pursue law suit against them.

(11). Orinigal before the relocation of IDHS-TDF, the IDHS-TDF was located in Will County.

(12). The IDHS-TDF, Internal Affairs/Captain Mr. Terry Williams then sought out the Will County Jail for assistant's threw the Will County States Attorney office. To assist the IDHS-TDF AND. the state porosecutors under the S.V.P act proceeding, Case no. 03-CR-80002. Threw the Illegal use of eavesdropping device and eletronic communication to expose the plaintiff to a campaign of physical and mental hardships. To: (1). Force commitment under the S.V.P act proceeding, Case no. 03-CR-80002, and; (2). Bring death to the plaintiff to erase the potential law suits for the malicious and illegal detention under S.V.P act petition. And the malicious prosecution and wrongful imprisonment of case no. 92-CR-16471.

(13). Where an on-going investigation has began threw the Will County Jail Warden Mr. Oleary, R.T.A Ms. Greenly, c/o Ms. Sharon and c/o Ms. Kwaeeka threw the Illegal use of eavesdropping device and eletronic communication to assist the IDHS-TDF to cause life threaten injurys to the plaintiff's mind, vital organs, immune system and health.

(14). As a result, the plaintiff is being exposed to the illegal use of eavesdropping device and eletronic communication twenty four hours a day and seven days a week.

(15). Where a calculated effort and adverse actions are being displayed to expose the plaintiff to the physical and mental hardships.

(16). The plaintiff is clearly being treated different than all other residents detained at the IDHS-TDF.

720 ILCS 5/14-1, Eavesdropping device,
an eavesdropping device is any device capable of being used to hear or record oral conversation or intercept, retain, or transcribe eletronic communications whether such conversation or eletronic communication is conducted in person, by telephone, or by any other means -

provided, (b). an eavesdropper is any person, including law enforcement officers who is a prinicipal, as defined in this article or who operates or participate in the operation of any eavesdropping device contrary to the provisions of this article. (c). Principal is any person who: (1). Knowingly employs another who illegally uses an eavesdropping device in the course of such employment; or (2). Knowingly derives any benefit or information from the illegal use of an eavesdropping device by another; or (3). Direct another to use an eavesdropping device illegally on his behalf.

(e). Eletronic communication
For purpose of this article, the term eletronic communication means any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or part by a wire, radio, pager, computer, eletromagnetic, photo-eletronic or photo-optical system,.

Black law dictionary, Seventh edition defines Malice: As the intent, without jurification or excuse to commit a wrongful act; (2). Reckless disregard of the law or of a persons legal rights.

(17). That here and now, at the IDHS TDF, threw the assistance of illegal use of eavesdropping device and eletronic communications agency officers are committing the following criminal offense toward's the plaintiff.

720 ILCS 5/33-3, Official Misconduct,

Where a public officer or employee commits misconduct when, is his official capacity,he commits any of the following;

(a) Intentionally or recklessly fails to perform any mandatory duty as required by law; or

(b). Knowingly performs an act which he knows he is forbidden by law to perform;

(c). With intent to obtain a personal advantage for himself or anoither, he performs an act in excess of his lawful authority;

(d). Solicits or knowingly accepts for the performance of any act a fee or reward which he knows is not authorized by law.

720 ILCS 5/8-1-1, Solicitation of Murder threw:

(a). Heinous Battery, where the plaintiff is being deliberately poisoned to cause great bodily harm by a deadly biological and chemical cleaner's. 720 ILCS 5/12-4-1.

(b). 720 ILCS 5/12-16.2, Criminal transmission of H.I.V: Where the plaintiff is being deliberately infecting the plaintiff with H.I.V. to cause death threw force of transfer, delivers or dispense the administration to another infectious body fluids. ( The plaintiff joggs atleast 1 hr a day which assist the plaintiff to keep his immune system up and fight off illnessess. Adverse actions are being displayed by the agency officers of the eavesdropping device and the IDHS TDF, agency officers. To paralize the plaintiff threw causing demage to his spinal cord or the back of the plaintiff neck. Where the plaintiff will no longer be able to run or jogg and then the H.I.V. will be able to take effect.

(c). 720 ILCS 5/12-31, Inducement to Commit suicide: Where the facility conditions are deliberately being force to be harsh and hostile towards the plaintiff. To cause great psychological pressure upon the plaintiff to force inducement to committ suicide.

(d). Solicitation of Murder continue threw; Cutting off the plaintiff blood circulation to create blood clot's in the plaintiff blood vessals to force the plaintiff to have a heart attack.

(e). Heinous battery continues with the water filter being turned off from the plaintiff sink in his cell. Where the plaintiff is forced to drink water that's high in bacteria which will result into stomach infection. Were if not properly treated will result in death.

(18). The plaintiff is a heterosexual male, who practice a religion that forbids the behavior or acceptance of homosexuality. To force this sort of behavior upon the plaintiff is deliberatley causing the plaintiff great stress, anxiety, frustration and depression. The IDHS-TDF AGENCY OFFICERS ARE USING Rape as a means to cause the plaintiff psychological pressure to force inducement to commit suicide.

(19). Other residents are groomed to hate the plaintiff by the IDHS-TDF agency offices, and offered special privileges, job assignments and money orders to assist the IDHS-TDF agency officers.

(20). Eletronic communication is being used to intimidate, threaten, harrass and expose the plaintiff to ridicule as a result of the being raped. ( This behavior is being displayed to apply further psychological pressure upon the plaintiff to assist with force inducement to commit suicide.

(21). The plaintiff is exposed to hatred and ridicule from both ageency officers and residentes.

(22). The plaintiff has refused to be Maliciously committed under the S.V.P act, petition, case no. 03-CR-80002. And as a result, is being tortured with these physical and mental injuries. That the IDHS-TDF and the agency officers of the eavesdroppeing device declares that they will not stop into the plaintiff is committed and death is brought to him..

(23). That the Attorney Ceneral office and the Cook County State Attorney office does not want to pay him for the potential law suits resulting from the attempt to maliciously prosecute the plaintiff under the S.V.P act petition which has also result in the illegal detention of the plaintiff here at the IDHS-TDF, case no. 03-CR-80002.
And the malicious prosecution and the wrongful imprisonment resulting from his adult conviction, case no. 92-CR-16471.

(24). The plaintiff would like to submitt several witness'es who have witnessed and have knowledge of the events and the campaign against the plaintiff. These witness'es-

are ex-employees of the Illinois Department of HumanService, Treatment and Detention Facility. There names and position were;

(1). S.T.A. Ms. Hughes Aquenetta

(2). S.T.A Ms. Mogan ~~Horgan~~.

(3). S.T.A Ms. Annette McDonald

(4). S.T.A Ms. Waddell Lakita

Black law dictionary, Seventh edition defines MAlice: As the intent, without jurification or excuse to commit a wrongful act,(2). Reckless disregard of the law or of a persons legal rights.

The IDHS-TDF is a in door institution, with in a penal institution. Where resident incarcerated with-in only leave the building to go to the yard. Threw in and out the facility there are survellance cameras threw the entire institution. On the wings, where the residents are housed. There are two survellance cameras in the dayroom, and in the hall where the cells are located there two more survellance cameras. One Survellance for each end of the wing where the cells are located. Here the plaintiff cell is located in the middle of the hall way in cell three. The IDHS-TDF is using the eavesdropping ~~device to~~ intercept the plaintiff mind to know what or when the plaintiff is thinking. ( This gives the agency officers an advantage over the plaintiff to also know when the plaintiff is sleeping. When the plaintiff is sleeping, the plaintiff mind is resting, and the plaintiff is fully unconsciously asleep. When the IDHS TDF, agency officers are certain that the plaintiff is fully asleep with the assistance of the eavesdropping device. The plaintiff cell is unlocked and an individual is allowed to enter the plaintiff cell. Who then cause the physical injuries meantioned with-in here. While the incident is occuring, the eavesdropping device is intercepting the plaintiff mind to know when the plaintiff is about to awake ~~fom~~ threw the physical injurys taken place or the Rape of the plaintiff. The eletronic communication are then used to warn the attacker when the plaintiff is about to awake. The attacker will then stop and leave the plaintiff cell, the plaintiff will then awake suffering from the physical injuries that been forced upon him or from the pains and soreness he suffer from his private body parts where [illegible] plaintiff has

parts where the plaintiff has been rape. ( His anus and mouth ).

The plaintiff has futher evidence which gives rise to his complaint. Where the plaintiff would like to suppress survellance camera video tapes for the whole week starting from 4-14-08, 4-15-08, 4-16-08 4-17-08, 4-18-08, 4-19-08, 4-20-08 and 4-21-08. That during the coarse of this week, that events has taken place that give rise to the issues of this complaint. On 4-14-08, at approximately at 3:30 p.m, in the evening . The plaintiff was locked down in his cell. And told that he was being moved to the infirmary. As a result, of showing concern of the plaintiff stress level. ( Where the plaintiff has displayed no stress or anger and phyical actions to justify force lock down. The plaintiff also did not commit any rule violations or behavior to warrant a displinary report, two-hour cool down or placement inot segregation).
The plaintiff was also told, that the lock down into the infirmary was as a result of a grievance the plaintiff wrote against the IDHS-TDF agency officer for there Vindictive behavior.
The plaintiff was also told, that he would have to speck to the clinical staff about the issues of his grievance if, the plaintiff want to be released ~~for~~ forced locked down. If, the plaintiff did not speck to the clinical staff in concern to the issues of his grievance that the plaintiff will not be release from the forced lock down.The plaintiff argued that he is a pretrial detainee and have the right to remain silent. And can not be lock down and forced to speck of issues of the grievance where it would alternately have an effect on rather the plaintiff is guilty or innocent of his S.V.P act proceeding where his liberty is at stack.
after being locked down in his own cell for a whole day on 4-15-08, the plaintiff was forced to be hand cuffed from his cell and taken to the infirmary. Where the plaintiff was locked down into he spoke with several agency officers and clinical staff in concern about the vindictive behavior. The plaintiff refused to speck in concern to his confidential information.
And on 4-18-08, the plaintiff was released from the infirmary off lock down. The plaintiff returned to his wing f-1, special management. From the vary momnt the plaintiff was released from-

the infirmary and returned to his regular wing. IDHS-TDF, agency officer and residents began to expose the plaintiff to intense hatred. On 4-19-08, during the coarse of the 3rd. shift assist an individual to enter in cell who; Rape and poisoned the plaintiff the plaintiff awaken in the morning, mouth and tonque sore from forced entrance. The plaintiff felt some sort substance stuck in his throat and the plaintiff felt sick from whatever he had been poisoned with. The plaintiff continued his day with shaving, and stayed in his cell into gym recretion was called at 1:30 p.m. At 1:30 when the plaintiff left his cell to go to gym, the plaintiff was exposed to intense hatred. The plaintiff went to gym and worked out for (1)-hour like he normally does, 30-minutes on the treadmill and 30-minutes on the work out machine. ( As stated before the plaintiff has been exposed to a campaign to cause life threaten injurys to the plaintiff vital organs, immune system and health). Adverse actions are being displayed towards the plaintiff everyday to hurt the plaintiff physically and mentally. Where agency officers at the IDHS-TDF, are focus and determine to stop the plaintiff from exercising where the plaintiff is fighting to stay healthy. On 4-19-08, at 2:30 p.m when the plaintiff returned to his wing, again, the plaintiff was exposed to hatred.

Second shift came at 2:40 p.m and after count the plaintiff took a shower and returned his cell. The plaintiff got fully dressed and laid down and fell asleep. This was approxmately at 4:00 p.m on 4-19-08, The plaintiff awaken before they called medical at 4:45 p.m. Again, agency officers had assist an individual to enter into his locked cell where the plaintiff was raped. Again, the plaintiff mouth and anus was sore as a result of being raped. The plaintiff had also been re-shaven to look different than how he had shaved early and the plaintiff sick depressed and frustrated. At 5:00 p.m even chow was called, at the IDHS-TDF, chow is brought to the wings on trays. As soon as the plaintiff left his room to get his tray and entered into the dayroom. He was exposed to ridicule as a result of being raped and exposed to hatred. The plaintiff ate and returned his tray and returned to his cell where he began to participate in legal activities. The plaintiff continue this in his cell into 1:00 a.m on 4-20-08, ~~were~~ where he stop to go to sleep. Again, on the morning of 4-20-08, the plaintiff awaken to find that he had been sexually assaulted.

Further adverse actions to cause the plaintiff great physical injuries was displayed where the plaintiff water filter was deliberately shut off where the plaintiff would drink water from his sink that was high in bacteria. And devolope a stomach infection that would cause the plaintiff to have stomach cancer. The plaintiff, repeatly complainted to staff and wrote grievances of the condition he is being forced to endure. The IDHS-TDF, ignored the plaintiff complaint and forced the plaintiff to live in unsafe condition where the plaintiff water was high in bacteria and his cell was full of carbon monoxide coming from his air condition vents. The IDHS-TDF is a in door institution there's no windows with in the living units, wings or cells to recieve fresh air. The plaintiff began to experience stomach pains and frustration. And placed a request to the health care for medical assistance.. Several weeks later the plaintiff was called to be examined by the doctor. The plaintiff explan to the doctor his medical concerns, and was told by the doctor that he'll order for blood to be taken where he would then inspect for the stomach infection. Meanwhile, the doctor stated, into he find out what the problem was, that he was prescribing the plaintiff a temporary medication for his stomach. On 4-15-08, When the IDHS-TDF, Internal affairs/Captain Mr. Terry Williams, was walking the plaintiff in hand cuffs to the infirmary to be locked down. The Doctor request for the plaintiff to be taken to the medical department where he could see the plaintiff. The plaintiff was then escorted to the medical department in hand cuffs, where the plaintiff then went normal procedures. His weight, blood pressure and body temperature was taken. And then the plaintiff was escorted to the doctor's room. Upon arrival, to the doctor's room he was told by the doctor, that he need to see the plaintiff in concern to his medical complaint of stomach pains and frustration. The doctor then stated that he has conducted a medical examination of his blood and found that the plaintiff stomach was infected with the Bug. The doctor then told the plaintiff, that on this day. Of 4-15-08, the plaintiff will be prescribed to take a new medical. That the plaintiff will be prescribed to take this medication for (2)-two weeks. And that the plaintiff could not miss any days of taken this new medication or the medication will not work. ( The prescribed for the plaintiff to take-

two-tablets of penicillin four times a day and two tablets of pepto bismal chewable tablets four times a day. Both for two weeks staright, beginning on 4-15-08. On 4-22-08, the nurse cancelled the plaintiff prescription (1)-one week early. The plaintiff complained and was ignored. Today the plaintiff stomach still has an infection as a result of the water coming from his sink. Where the plaintiff is being denied proper medical treatment. ( Before the plaintiff continue with further evidence that gives rise to this complaint, the plaintiff must state now that the plaintiff has made his return back to the IDHS-TDF, sence 8-23-07,. And sence the plaintiff has been in the IDHS-TDF, he has exercise routinely atleast five days of the week. Where the plaintiff is now going on a year straight of jogging and exercising on the weight machine, the survellance camera video tapes will reflect.

The next issue is also in concern with health care service being denied for issue of grave importance. The plaintiff, as stated work out on daily basic, where the plaintiff artery is always experiencing constant blood circulation. Where the plaintiff work out habits prevent the plaintiff from having blood clots. During several occurance where the plaintiff had been raped. He notice, that he was also experiencing chest pains. And that these chest pain would only occur after the plaintiff had fallen asleep and later woke-up noticing all of the other physical hardships he was suffering. And that during no other time will the plaintiff experience these chest pains. And relies that his attackers were cutting off his blood circulation. To cause blood clots in his artery where the plaintiff will be forced to have a heart-attack. The plaintiff, placed in a request-slip to see the doctor concerning this medical complaint. And when called to see the doctor, the plaintiff explan to him the vindictive behavior being displayed toward's him. And how he was jogging and exrcising on a daily basic. The doctor showed concerned of the plaintiff blood circulation being cutt off and told the plaintiff that can also cause the plaintiff to have a stroke. The doctor asked the plaintiff several questions and determine that he would need to take more blood and send the plaintiff to a out-side hospital where the plaintiff heart and head can be medical examined. Several days later, the plaintiff blood was taken, but; the plaintiff was never sent to the out-side-

hospital as the doctor ordered. And the plaintiff medical complaint in concern with his heart began to be ignored.
Comments from residents and agency officers of the eavesdropping device and eletronic communication stating that no-one will help you here.
There several more concerns that gives rise to the plaintiff complaint. Where privieges are being used to cause the plaintiff psychological pressure. Photo copys of legal mail be stoling out of his cell to block the plaintiff from seeking out side help from either the courts, law firms or legal assistance organizations. Other concerns where the plaintiff is being openly threaten, intimidate or exposed to hatred by staff members.
Black law dictionary, Seventh edition defines Malice: as the intent, without jurification or excuse to commit a wrongful act, (2). Reckless disregard of the law or of a person legal rights.
(25). At the IDHS-TDF, were the palintiff is detained as a pretrial detainee, the plaintiff is in a one cell. Located in special management of wing f-1.

(26). The plaintiff room is located in cell three.

(27). The plaintiff is not a trouble maker and have only had (1) one grievance report filed against with a year.

(28). The plaintiff stays in his cell most of the day, the only time he leaves his cell is to do his work assignmemt, recretion, legal activities, shower and chow.

(29). The cell the plaintiff is located in has sliding door's that control by agency officer from the control center. The doors are unlocked by the control center and the resident locks the doors shut.

The IDHS-TDF is ran by a private company who is contracted by the state. The Supreme court has enunciated a two part test for determining whether a private individual has acted under color of state law. See; Lugar V. Edmondson oil co, 457 U.S. 922, 937(1982), First, the claimed deprivation must be caused by anothers exercise of a right or privilege created or imposed by the state, or undertaken by a person for whom the state is responsible. See id. Second, under the facts of the instant case, the private party must be fairly characterized as a state actor.

Am.Mfrs.Mut. Ins Co. V. Sullivan, 526 U.S. 40, 50(1999)( Affirming the fact that both prongs are to be evaluated). The court has provided at least three examples of conduct that satify the " under color of state law requirement of 1983.

First, the court has held that misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken " under color of state law.

Second, the court has held that to act under color of state law, a defendant need not be an officer of the state: it is sufficient that he or she is a willful participant in jointly activity with the state or its agents. Adicks V. S.H. Kress & Co. 398 U.S 144, 152(1970); see e.g..Abbott V. Latshaw, 164 f.3d. 141, 147-48(3d. Cir. 1998)( Private party who conspires with state actors to deprive another of his or her constitutional right acts under color of state law. Anaya V. Crossroads Managed Care Syst., 195 f.3d. 584, 596(10th. Cir. 1999)(Private detoxification facility considered state actor when working in conjunction with official state actors to illegally detain individuals in the facility).

Third, the court has held that private persons who are authorized to exercise state authority are deemed to be acting under color of state law. West V. Atkins, 487, U.S 42, 54-55(1988). Street V. Corrs. Corp. of Am., 102 f.3d. 810, 814(6th. Cir 1996). ( Warden, Corrections officer and detention facility run by publicly held corporation were acting under color of state law because operating prison is traditional state function. Friedl V. City of New York, 210 F.3d. 79, 85(2d. Cir.2000)( 1983 claims are available for frustration of an individual exercise of federal-

rights. Humphries V. Various Fed. U.S. INS Employees, 164 F.3d. 936, 945 (5th.Cir 1999)( plaintiff claim involuntary seritude and mistreatment while in detention were cognizable under & 1983 because they challenged conditions and not fact of confinement. Henderson V. Dept of pub safety and corr, 901 f.2d, 1288,1296(5th. Cir. 1990), facts sufficient if would convince a reasonable man of extra-judicial biasness.

In shadwick V. City of tampa, 407 U.S 345(1972), the Supreme court explaned that whatever else neutrality and detachment might entrial it is clear that they require severance and disengag--ement from activities of law enforcement officers, 18U.S.C 2510(7), 2518(1)(a), five circuit have held that prison and detention's facilitys official are investigation or law enforcement offices under 2510(7).

Hafer V. Melo, 502 U.S. 21, 25-29(1991) Individual capacity suit against state official upheld even when official actions cloaked with state authority and could not have been effectuated if acting only in personal capacity. Carter V. Philadephia, 181 f.3d. 339, 350( 3d. Cir. 1999)( District attorney office is part of county and therefore is not immune as arm of state. Hudson V. City of new orleans, 174 f.3d 677, 682(5th. Cir. 1999) District attorney office not considered arm of state of Louisiana and therefore subject to suit.

Andrus V. Arkansas, 197 f.3d. 953, 954(8th. Cir.2000)(Individual capacity claim againust police officer not barred as claims against the state when injunctive relief is sought. Williams V. Lane, 851 f.2d. 867, 883-84(7th. Cir. 1988)( injunctive relief and apointment of special master to implement remedy was proper when inmates succ-essfully claimed denial of free exercise of religion denial of access to courts, and cruel and unusual punishment.

Lewis V. Casey, 518 U.S. 343(1996), stated that in order to get an injunction, a plaintiff must show "actual or imminent injury,. This means that the plaintiff have to show the court that you were really harmed in some way, or that it is likely that you will be harmed very soon. Pennhurst State school & Hosp. V. Haldman, 465 U.S. 89(1984) states the law does allow you to sue state employees in there official capacity. Qualified immunity does not protect state employees from an injunction.

V. **Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

PRELIMINARY INJUNCTION

VI. The plaintiff demands that the case be tried by a jury. ☒ YES ☐ NO

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 2 day of Aug, 20 08

[signature]
(Signature of plaintiff or plaintiffs)

William Walls
(Print name)

IDHS-TDF No. 852982
(I.D. Number)

R.R. 1, Box 6A
Rushville, Ill.
62681.
(Address)

22. 07. 22.

IN THE
UNITED STATES DISTRICT OF ILLINOIS
NORHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAM WALLS
PLAINTIFF (S).

v.

1. Ms. Lisa Madigan. Attorney General.
2. Mr. Micheal Kress. Assistant Attorney General.
3. Richard Devine. Cook County States-Attorney.
4. Ms. Mary Ellen Murphy. Assistant Cook County States Attorney.
5. Mr. .The Will County-States Attorney.
6. Mr. Larry J. Philips. Director of program. IDHS-TDF.
7. Mr. Terry Williams. Captain/Internal Affairs. IDHS-TDF.
8. Mr. Oleary. Will County Jail Warden.
9. Ms. Greenly. R.T.A Will County Jail.
10. Ms. Sharon. Correctional Officer. Will County Jail.
11. Ms. Kwaeeka. Correctional Officer. Will County Jail. Defendants.

Civil Actions No.

All of the defendants are being sued in there individual and official capacity.

SUMMONS

To the above named defendants:

YOu are here-by summons and required to served upon plaintiff's whose address is IDHS-TDF, R.R 1, BOX 6A. Rushville, Illinois. 62681. Answer to the complaint which is herewith served upon you, with-in 20 days after service of this summons upon you, exclusive of the day of service or 60 days if the U.S Government or officer/agent thereof is a defendant. If you fail to do so, judgement by default will be taken against you for the relief demand in the complaint.

IN THE
UNITED STATES DISTRICT OF ILLINOIS
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAM WALLS
PLAINTIFF

V.

Lisa Madigan, Attorney General ect et al.

Defendant (s).

Civil Actions No.

INDEX SHEET

(1). SUMMONS 1-of-1, pages.
(2). Complaint consist of 1-of-22, pages.
(3) Application to proceed as a poor person 1-of-10, pages.
(4). Motion for appointment of counsel 1-of-1.

Authority of laws

(1). Bart V. Telford, 677 f.2d. 622(7th. Cir. 1982).
(2). City of Revere V. Mass Gen Hosp., 463 U.S 239, 244(1983).
(3). Armstrong V. Squadrite, 152 f.3d. 564, 570(7th Cir. 1998).
(4). Hare V. City of Corinth, 74 f.3d. 633, 638-39(5th. Cir. 1996).
(5). Vitek V. Jones, 445 U.S. 480, 493(1980)
(6). Kirby V. James, 195 f.3d. 1285, 1291(11th. 1999).
(7). Burton V. Livingston, 791 f. 2d. 97, 100(8th. Cir. 1986).
(8). Smith V. Garretto, 147 f.3d.91, 94(2d. Cir.1998).
(9). Allen V. Lowder, 875 f.2d. 82, 85-86(4th. Cir.1989).
(10). 720 ILCS 5/14-1.
(11). 720 ILCS 5/33-3
(12). 720 ILCS 5/8-1-1.
(13). 720 ILCS 5/12-4-1.
(14). 720 ILCS 5/12-16-2
(15). 720 ILCS 5/12-31.
(16). Lugar V. Edmondson oil co, 457 U.S 922,937(1982).
(17). Am.Mfcs. MUt. Ins Co V. Sullivan, 526 U.S 40, 50(1999).
(18). Adicks V.S.H Kress Co. 398 U.S 144, 152(1970).
(19). Abbott V. Latshaw, 164 f.3d. 141, 147-48(3d. Cir 1998).
(20). Anaya V. Crossroards Managed Care Syst., 195 f.3d.584, 596(10th. Cir-
(21). West V. Atkins, 487, U.S. 42, 54-55(1988).
(22). Street V. Corrs. Corp. of am., 102 f.3d. 810, 814(6th. Cir.1996).
(23). Friedl V. City of New York, 210 f.3d. 79, 85(2d. Cir.2000).
(24). Humphries V. Various fed. U.S Ins employees, 164 f.3d.936 945-(5th. Cir.1999).
(25). Henderson V. Dept of pub safety and corr, 901 f.2d.1288, 1296(5th.-Cir. 1990).

(26). Shadwick V. City of Tampa, 407 U.S 345(1972).
(27). 18 U.S.C 2510(7), 2518(1)(a)
(28). Hafer V. Melo, 502 U.S 21, 25 29(1991).
(29). Carter V. Philadephia, 181 f.3d. 339, 350(3d. Cir. 1999).
(30). Hudson V City of New Orleans, 174 f.3d. 677,
682(5th.Cir.1999).
(31). Andrus V. Arkansas, 197 f3d. 953, 954(8th. Cir. 2000).
(32). Williams V. LAne, 851 f.2d. 867, 883-84(7th. Cir. 1988).
(33). Lewis V. Casey, 518 u.s 343(1996).
Pennhurst State School & Hosp V. Haldman, 465 U.S 89(1984).